IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03030-NYW-KAS

DIANNA GRACE REUTER,

Plaintiff,

v.

GOLF SCHOOL DISTRICT 67,
CRAIG JOHNSON,
JEFFREY KRESCH,
COLORADO OFFICE OF FILM, TELEVISION AND MEDIA,
CITY OF BOULDER,
BOULDER COMMUNITY HEALTH,
ST. JOSEPH'S INTERMOUNTAIN HEALTH,
COLORADO MENTAL HEALTH HOSPITAL, Fort Logan,
AIRCOA HOSPITALITY SERVICES, INC.,
CHOICE HOTELS INTERNATIONAL, INC.,
HILTON, INC.,
BOULDER COUNTY, and
ORVIS HOT SPRINGS, INC.,

Defendants.

---

**MINUTE ORDER**
**AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on five hard-to-decipher motions Plaintiff Diana Grace Reuter[1] filed. Plaintiff's five motions are: (1) **First Motion for Relief from Judgment or Order** [#29]; (2) **Second Motion for Relief from Judgment or Order** [#30]; (3) **Motion of Request** [#32]; (4) **Rule 60 Motion** [#34]; and (5) **Rule 60 Motion II** [#35]. These Motions have each been referred to the undersigned. *Memoranda* [#31, #33, #36].

---

[1] Plaintiff represents herself. Therefore, The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should neither be the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

In the **First Motion for Relief** [#29], Plaintiff "moves for relief from judgment or order in regard to Plaintiff's appearance(s) at Montrose Combined Courts." *First Motion for Relief* [#29] at 1. Plaintiff states, "[b]ased on false accusations to prevent Plaintiff from going to law school, Defendant demands Plaintiff to be present at Montrose Combined Courts." *Id*. Plaintiff seeks "a permanent injunction against another Montrose Combined Court appearance by demand[.]" *Id*. Plaintiff attaches a "Motion of Montrose Combined Courts' Treachery," which appears to be a motion she either filed or intended to file in two matters ostensibly pending in Montrose Combined Courts. *Id*. at 3.

To obtain a preliminary injunction, the moving party must demonstrate four factors: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Here, the relief Plaintiff seeks has no relationship to the claims and allegations in her Complaint. *See Second Am. Compl.* [#22]. Further, none of the defendants named in the Complaint [#22] appear to be affiliated with the Montrose Combined Court, and none of the allegations appear to concern any matter pending in Montrose Combined Court. Plaintiff fails to "establish a relationship between the injury claimed in [her] motion and the conduct alleged in the [C]omplaint." *Gilmore v. Sedgwick Cnty. Sheriff's Dep't*, No. 23-3201-JWL, 2023 WL 6519075, at *2 (D. Kan. Oct. 5, 2023). That alone is reason to deny the motion. Accordingly, the undersigned **recommends** that the First Motion for Relief from Judgment or Order [#29] be **denied**.

In the **Second Motion for Relief** [#30], Plaintiff asks for this case to be "removed to another federal court in the free State of Alaska[.]" *Second Motion for Relief* [#30]. Under 28 U.S.C. § 1404(a), a federal district court "may transfer any civil action in any other district or division where it might have been brought or to any district or division to which all parties have consented." Under 28 U.S.C. § 1406(a), a federal district court may transfer a "case to any district or division in which it could have been brought, if the case was filed in the wrong division or district. None of Plaintiff's allegations nor any of the parties appear to have a connection to Alaska. Accordingly, it is **ordered** that the Second Motion for Relief [#30 is **denied**.

In the **Motion of Request** [#32], Plaintiff asks a question: "The courts terminated Dianna Grace Reuter. Why?" The Court **grants** the Motion [#32] and provides the following response. On January 13, 2025, Plaintiff filed a Motion for relief from Proceeding and Refund Request [#24]. On January 14, 2025, the District Judge construed the filing as a notice of voluntary dismissal, which was a self-effectuating notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). *See Minute Order* [#25]. The District Judge therefore directed the Clerk of Court to terminate the case as voluntarily dismissed. *Id.* The Clerk of Court terminated the case the next day. *Docket Entry* [#27].

In the **Rule 60 Motion** [#34], Plaintiff asks the Court to reopen the case. *Rule 60 Motion* [#34] at 1. In support, she states that "[o]ngoing threats from city, county, courts,

credit union Montrose continue," and "[t]he land assigned to the Ute Tribe is unlawfully inhabited by people demonstrating a nonthinking [sic] approach to stewardship." *Id.* Plaintiff further states that she intends to amend her complaint "to name different parties and related [sic] back," pursuant to Federal Rule of Civil Procedure 15(a). *Id*. at 2. Plaintiff filed the Rule 60 Motion [#34] on May 4, 2026, more than a year after this case was terminated.

"Rule 60(b) allows a court to 'relieve a party or its legal representative form a final judgment, order, or proceeding,' for certain enumerated reasons." *Waetzig v. Halliburton Energy Servs., Inc.*, 145 F.4th 1279, 1282 (10th Cir. 2025) (quoting FED. R. CIV. P. 60(b)). "Rule 60(b)(1) permits the court to 'relieve a party or its legal representative from a final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect,' while Rule 60(b)(6) allows the court to do so for 'any other reason that justifies relief.'" *Id*. (quoting (quoting FED. R. CIV. P. 60(b)). Rule 60(b)(1) motions "premised on inadvertence, surprise, or excusable neglect must be filed 'no one than a year after the entry of the judgment or order or the date of the proceeding.'" *Id*. at 1283 (quoting (quoting FED. R. CIV. P. 60(c)(1)). While the one-year rule does not apply to Rule 60(b)(6)'s catch-all provision, that provision only applies to "causes not covered by another cause specifically enumerated in Rule 60(b)(1-5)." *Id* (quoting *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1174 (10th Cir. 2000)).

Here, the Court liberally construes Plaintiff's Rule 60 Motion as one that argues for reinstatement of the case because the District Judge mistakenly construed her Motion for Relief from Proceeding and Refund Request [#24] as a notice of voluntary dismissal. Because Plaintiff's motion is based on a purported mistake, the one-year rule applies. Because Plaintiff filed her Rule 60 Motion [#34] well beyond the one-year period from this case's termination, the Motion is time-barred. Therefore, it is **ordered** that the Rule 60 Motion [#34] is **denied**.

In the **Rule 60 Motion II** [#35], Plaintiff seeks to reinstate the case under Rule 60(b)(2) and Rule 60(b)(6). *Rule 60 Motion* [#35] at 4. As discussed with the previous Rule 60 Motion [#34], Rule 60(b)(6) is unavailable, because Rule 60(b)(1) applies to Plaintiff's request for relief. Rule 60(b)(2), which allows for relief based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," also does not apply because Plaintiff has not identified any "newly discovered evidence," this case never went to trial, and judgment was never entered. Finally, like the first Rule 60 Motion [#34], the Rule 60 Motion II is time-barred. Accordingly, it is **ordered** that the Rule 60 Motion II [#35] is **denied**.

Based on the foregoing,

IT IS HEREBY **ORDERED** that Plaintiff's **Second Motion for Relief from Judgment or Order** [#30]; **Rule 60 Motion** [#34]; and **Rule 60 Motion II** [#35] are **DENIED**.

IT IS FURTHER **ORDERED** that Plaintiff's **Motion of Request** [#32] is **GRANTED** in so far as the Court has answered the question Plaintiff posed in that Motion.

IT IS HEREBY **RECOMMENDED** that Plaintiff's **First Motion for Relief from Judgment or Order** [#29] be **DENIED**.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service **of this Recommendation to deny Plaintiff's First Motion for Relief from Judgment or Order [#29].** In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: August 30, 2026